**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 18, 2021

*By ECF and by e-mail*

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   *United States v. Jefferson Sanchez*, 21 Cr. 97 (LTS)

Dear Judge Swain:

    I write on consent (Assistant U.S. Attorney Justin Rodriguez) to respectfully request that (1) the Court find, pursuant to the CARES ACT, that Mr. Sanchez's plea could not be further delayed without serious harm to the interests of justice; and (2) the Court waive the Presentence Report pursuant to Rule 32(c)(1)(A)(ii), and schedule sentencing for around 30 days from today.

    Jefferson Sanchez has been charged in a one-count information with bail jumping, in violation of 18 U.S.C. §§ 3146(a)(2), (b)(1)(A)(ii), and (b)(1)(A)(iii). In short, Mr. Sanchez failed to surrender to serve the 24-month sentence imposed by Judge Kaplan on June 25, 2019. *See* 18 Cr. 781 (LAK). Mr. Sanchez was arrested on January 29, 2021, presented in Magistrate's Court on February 3, 2021, and entered a guilty plea before Magistrate Judge Parker on February 16, 2021. Judge Parker recommended to the Court that it accept Mr. Sanchez's plea.

    *Further delay will harm the interests of justice*: The Coronavirus, Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No 116-136, authorizes remote hearings when (1) those hearings cannot be conducted in person without seriously jeopardizing public health and safety; (2) "the district judge in a particular case finds for specific reasons that the plea . . . cannot be further delayed without serious harm to the interests of justice;" and (3) the defendant consents. *See* CARES Act, §§ 15002(b)(2), (4).

    Courts in this district have routinely allowed remote plea and sentencing proceedings at a defendant's request. *See generally United States v. Cohen*, 2020 WL 2539115 (S.D.N.Y. May 19, 2020) (WHP) (granting defendant's request to proceed with

Honorable Laura Taylor Swain                                                                                                        Page 2
February 18, 2021

Re:     *United States v. Jefferson Sanchez*, 21 Cr. 97 (LTS)

remote sentencing: noting that the uncertainty as to when a proceeding will take place can impair the interests of justice, and that remote proceedings will promote judicial economy as there will be a "deluge of hearings once in-person proceedings can safely resume.").

Here, as Magistrate Judge Parker found, it is in the interests of justice to allow Mr. Sanchez to expeditiously take responsibility for his crime and to proceed to sentencing without further uncertainty and delay, especially since, as of this writing, it is unclear when an in-person proceeding can be scheduled. Moreover, additional delay will mean longer confinement at the Essex County Correctional Facility, where the conditions during the COVID-19 pandemic have been particularly harsh. Accordingly, I respectfully that the Court find that, pursuant to the CARES Act, a plea in this case cannot be further delayed without serious harm to the interest of justice, and accept Mr. Sanchez's plea.

*Waiver of the Presentence Report*: Under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), a Court may waive the Presentence Report where "it finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."

Here, as of sentencing, there will be sufficient information for the Court to meaningfully exercise its sentencing authority. First, a Presentence Report was prepared in advance of Mr. Sanchez's sentencing before Judge Kaplan, which occurred on June 25, 2019, and I will be able to provide the biographical section from that PSR to the Court, along with a description of Mr. Sanchez's conduct between his sentencing in 2019 and his arrest in January 2021. Second, in advance of sentencing, I will provide the Court with the Complaint (which describes the offense) and *Pimentel* letter (which sets forth the Guidelines calculation), as well as additional information about the offense and Mr. Sanchez's background and characteristics. Taken together, this submission will cover virtually all of the information the Court would find in an updated Presentence Report, and will allow the court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. Accordingly, I respectfully request that the Court waive the Presentence Report and schedule sentencing for around 30 days from today, which will hopefully enable Mr. Sanchez to be sooner transferred to a Bureau of Prisons facility.

Thank you for your consideration of these requests.

The foregoing requests are granted, for the reasons stated above.  The sentencing will be conducted on April 22, 2021, at 2:00 p.m. in Courtroom 17C.  The parties shall make their sentencing submissions in accordance with the undersigned's Individual Practices rules. The 3/3/21, conference is adjourned to 4/22/21 at 2:00 p.m.  DE# 10 resolved.
SO ORDERED.
2/25/2021
/s/ Laura Taylor Swain, USDJ

Respectfully submitted,

/s/ _____
Martin S. Cohen
Ass't Federal Defender
(212) 417-8737

Honorable Laura Taylor Swain  Page 3
February 18, 2021

Re:   *United States v. Jefferson Sanchez*, 21 Cr. 97 (LTS)


Cc: Justin Rodriguez, Esq., by ECF and e-mail