UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                                           1:21-CR-097-LTS-1

JEFFERSON SANCHEZ,

         Defendant.

-------------------------------------------------------x

## Order

Defendant Jefferson Sanchez, proceeding pro se, has filed a motion for compassionate release ("the Motion") under 18 U.S.C. section 3582(c)(1)(A). On February 23, 2021, the Court accepted Mr. Sanchez's guilty plea to one count of violating 18 U.S.C. section 3146—Mr. Sanchez had failed to timely surrender for his 24-month prison sentence in a separate case before Judge Lewis A. Kaplan.[1] (Docket entry nos. 6 and 11.) On April 22, 2021, Mr. Sanchez was sentenced to five months of imprisonment for bail jumping (to run consecutively to the sentence previously imposed by Judge Kaplan), as well as three years of supervised release (to run concurrently with the supervised release term previously imposed by Judge Kaplan). (Docket entry no. 20.) Mr. Sanchez is currently imprisoned at Fort Dix Federal Correctional Institute ("Fort Dix").

"Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in Section 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated an 'extraordinary

---

[1] In the case before Judge Kaplan, Mr. Sanchez was convicted of one count of conspiracy to steal public funds, and two counts of making and subscribing to false tax returns. See ECF 18-CR-781-LAK.

and compelling reason' that justifies the sentence reduction." United States v. Castillo, 545 F. Supp. 3d 104, 105 (S.D.N.Y. 2021).  The exhaustion provision states that compassionate release may only be granted "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A) (Westlaw through P.L. 117-102).

In his Motion, Mr. Sanchez asserts that compassionate release is merited because the conditions of confinement at FCI Fort Dix (such as overcrowding, poor sanitation practices, and the mixing of vaccinated and unvaccinated populations) subject him to a higher risk of exposure to COVID-19; and because the pandemic has caused the cancelation of visitation and educational and rehabilitative programing for inmates.  He attaches to his Motion voluminous medical records, which appear to indicate that he suffers from medical issues including asthma, an orthopedic problem, gout, and high cholesterol, among other conditions.  He asserts that the exhaustion requirement of section 3582(c)(1)(A) does not apply to him, because he is "likely to suffer an irreparable injury without immediate judicial relief" and because "the administrative remedy would be futile."  (Motion at 2.)

Some courts in this Circuit have found that a court "has the discretion to waive the exhaustion requirement where . . . strict enforcement of the 30-day waiting period would not serve [the] Congressional objectives" of section 3582(c)(1)(A).  United States v. Haney, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020).  In determining whether to waive the exhaustion requirement, courts have considered factors such as (1) whether exhaustion "would be futile," (2) whether the administrative process "would be incapable of granting adequate relief," or (3) whether pursuing exhaustion "would subject [the movant] to undue prejudice" such as

"catastrophic health consequences."  United States v. Perez, 451 F. Supp. 3d 288, 292 (S.D.N.Y. 2020) (citations omitted).  Here, the reasons that Mr. Sanchez advances in favor of waiver are that (1) the overcrowded conditions at Fort Dix subject him to a "heightened risk of exposure to disease," (2) he cannot engage in the administrative process "quickly enough to protect him from the risk of contracting COVID-19," and (3) exhaustion would be futile because the Bureau of Prisons "will not provide the relief requested."  (Motion at 3.)  The Court declines to grant a waiver of administrative remedies in this case.  Mr. Sanchez makes only generic arguments based on the history of COVID-19 at Fort Dix, does not show how or why he is at any higher risk of disease than any other inmate in the facility, and provides no support for his contention that the Bureau of Prisons cannot provide the relief he has requested.  Moreover, even if the Court were to grant Mr. Sanchez's application and reduce the five-month sentence that was imposed by this Court, Mr. Sanchez would still be subject to the undischarged portion of the 24-month sentence previously imposed by Judge Kaplan.  (See ECF 18-CR-781-LAK, docket entry no. 50.)  Accordingly, the Motion is denied without prejudice in light of Mr. Sanchez's failure to exhaust his administrative remedies.

The medical records that were appended to the Motion shall be filed under seal, as they contain sensitive information about medical diagnoses and treatments.  This Order resolves docket entry number 33.  Chambers will mail a copy of this Order to Mr. Sanchez.

SO ORDERED.

Dated: New York, New York
March 28, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy to be Mailed to:**

Jefferson Sanchez, register no. 85558-054
FCI Fort Dix, Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640